IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LESTER E. COOK,** | : | Civil No. 1:14-cv-0053 |
| Plaintiff, | : | |
| v. | : | |
| **STEVEN GLUNT, et al.,** | : | |
| Defendant. | : | Judge Sylvia H. Rambo |

## M E M O R A N D U M

Before the court is a Report and Recommendation filed by the Magistrate Judge in which she recommends that the petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254 by Lester E. Cook be dismissed. Cook has filed objections to the Report and Recommendation. Respondents have filed a response.

**I.   Background**

Cook was convicted on December 18, 2007 of aggravated indecent assault, indecent assault and corruption of a minor in the Court of Common Pleas of York County, Pennsylvania. During that trial, his trial counsel attempted to present character testimony through several witnesses but was precluded from doing so by the trial judge.

After exhausting his direct appeal, Cook filed for collateral relief under the Pennsylvania Post-Conviction Relief Act (PCRA) and his appellate rights

thereafter. After being unsuccessful in his state court proceedings, Cook filed the instant motion.

## II. **Habeas Petition**

Cook presents the following grounds for relief:

1) He was denied effective assistance of counsel by trial counsel's failure to effectively present character witness testimony at trial;

2) He was denied due process by the trial court's decision to allow the Commonwealth to present several witnesses to testify to prior consistent statements of the victim, thus, "impermissibly bolstering" the witnesses' testimony; and

3) He was denied effective assistance of counsel by direct appellate counsel's failure to appeal the trial court's decision to exclude the proffered testimony of Darlene Eck.

## III. **Recommendation of the Magistrate Judge**

The Magistrate Judge found that the second ground for relief was procedurally defaulted. Cook does not dispute this recommendation nor does Cook object to the Magistrate Judge's findings as to the testimony of Darlene Eck. Thus, the Magistrate Judge's recommendations on claims two and three will be adopted. Cook does not agree to the Magistrate Judge's recommendation that the relief be

denied because the PCRA court and Superior Court did not unreasonably apply the *Stickland* standard. This claim fails on the merits.

On the issue of failure to effectively present character witness testimony, the Magistrate Judge held that counsel's decisions not to push the issue with the trial judge was proper trial strategy. The Magistrate Judge also found that the trial judge's preclusion of witness Carlisle's testimony was proper.

## IV.     **Objection to the Report and Recommendation**

Cook's objection to the Report and Recommendation on the issue of character witness testimony is that the Magistrate Judge failed to recognize that negative reputation character testimony is a recognized form of establishing good character. He cites two cases that support negative evidence of good character, i.e., *Michelson v. United States*, 335 U.S. 469, 476-78 (1948) and *Commonwealth v. Gaines*, 167 Pa. Super. Ct. 485, 490 (1950).

Cook cites to the following words in *Gaines*:

> [T]here is . . . a well established rule permitting *negative* proof of good reputation. Within the confines of this rule, a witness who has never discussed nor heard discussed the reputation of a criminal defendant may nevertheless be competent to give proof of good reputation if it appears that he moved in the same circles as the defendant and would have heard adverse comment had there been any. . . . "[T]he absence of utterances unfavorable to a person is a sufficient basis for predicting that the general opinion of him is favorable."

3

*Gaines*, 167 Pa. Super. at 490 (citation omitted). The Commonwealth in its response to *Gaines* cited to the operative words in *Gaines*, i.e., "if it appears that he moved in the same circles as the defendant and would have heard adverse comment had there been any." (Doc. 37, p. 17.)

In *Michelson*, the Supreme Court held that there can be negative evidence of positive character. As the Commonwealth points out in its response (Doc. 37, p. 18), the court qualified this statement with the following words: "is accepted only from a witness whose knowledge of defendant's habitat and surroundings is intimate enough so that his failure to hear of any relevant ill repute is an assurance that no ugly rumors were about." *Michelson*, 335 U.S. at 478.

In the Report and Recommendation, the Magistrate Judge did address the negative character evidence that trial counsel tried to present and pointed out that the witnesses did not discuss Cook's reputation with members of the community. On page 11 of the Report and Recommendation where she discussed witness Carlisle's cross-examination where it was brought out that he had not discussed Cook's reputation within the community. At footnote 7, the Magistrate Judge pointed out that witnesses Englert, Fourhman, and Yeager never discussed Cook's reputation with others.

Because none of Cook's reputation witnesses recalled discussing Cook's reputation with others in the community, a proper foundation could not be laid for

their testimony. This was not the fault of counsel, but the nature of the witnesses whose names were provided by Cook. The Magistrate Judge also found that Cook's counsel exercised proper trial strategy in not pressing a losing argument with the presiding judge in front of the jury. Thus, Cook has failed to establish that his counsel was ineffective on this issue.

## V.   Conclusion

Cook has not established that his trial counsel was ineffective and the Report and Recommendation will be adopted.

s/Sylvia Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: October 21, 2016